RECD'23OCT30PM0340MDGA-MAC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CASE NO. 5:23-CR-25-MTT** |
| | : | |
| KHALIF LEE | : | |
| | : | |
| Defendant. | : | |
| | : | |

## PLEA AGREEMENT

The United States Attorney for the Middle District of Georgia ("United States") and Defendant KHALIF LEE enter into this plea agreement, agreeing as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his/her understanding of the United States' evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by a jury. Defendant understands that at a jury trial Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' witnesses, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.



The United States and Defendant understand and agree that the Court should consider its sentence in light of the advisory United States Sentencing Guidelines. Defendant therefore agrees that at sentencing the Court may determine any fact pertinent to Defendant's sentence by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to the sentence to be imposed by the Court in this case.

(3)

Being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, Defendant agrees pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), as follows:

(A)    Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Counts One and Three of the Indictment which charge Defendant with:

- Possession of a Firearm by a Convicted Felon in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) and

- Firearms as Non Mailable in violation of Title 18, United States Code, Section 1715.

(B)    Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant to the following penalties

- Count One: a maximum sentence of 15 years imprisonment; a maximum fine of $250,000.00, or both; and a term of supervised release of up to 3 years.

- Count Three: a maximum sentence of 2 years imprisonment; a maximum fine of $250,000.00, or both; and a term of supervised release of up to 3 years.

2



- Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)     Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the United States, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea on the ground that Defendant received an estimated guideline range from the United States, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigation Report or different from the guideline range found by the Court to be the correct guideline range.

(D)     Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigation Report has been completed. Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the Presentence Investigation Report and to object to and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the facts or recommendations presented in the Presentence Investigation Report or any disagreement with the Court's rulings on such objections or challenges will not be grounds for withdrawing the plea of guilty. Nothing in this agreement precludes the United States from providing full and accurate information to the Court and the Probation Office for use in calculating the advisory guideline range applicable to Defendant.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court determines the advisory guideline range applicable to Defendant, the Court has the

3

CVA-
K1.

discretion and authority to impose a sentence that is more severe or less severe than the sentence recommended by the guidelines.

### Waiver of Appeal Rights and Right of Collateral Attack

(F)    Although 18 U.S.C. § 3742 authorizes defendants to appeal their sentences under certain circumstances, Defendant knowingly and voluntarily waives any right to appeal Defendant's sentence, including the amount of any restitution imposed as part of Defendant's sentence. Defendant's sentence appeal waiver does not apply if: (1) the Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the Court at the time of sentencing; (2) the Court imposes a sentence that exceeds the statutory maximum; or (3) the United States appeals Defendant's sentence under the authority of 18 U.S.C. § 3742(b). Nothing in this agreement shall deprive the United States of its right to appeal Defendant's sentence, as authorized by 18 U.S.C. § 3742(b). If, however, the United States appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under 28 U.S.C. § 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by 28 U.S.C. § 2241.

Defendant waives any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence. Nothing in this paragraph is intended to limit the Defendant's right to file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

4

C-KA-
KL

Defendant understands and acknowledges that the waivers outlined herein may result in the dismissal of any appeal or collateral attack Defendant might file challenging Defendant's conviction or sentence. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the United States, be remanded to the Court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

(G)    Defendant agrees to provide complete, candid, and truthful statements to law enforcement officers regarding Defendant's involvement and the involvement of all others involved in the charges alleged in the present Indictment as well as any and all criminal violations about which Defendant has knowledge or information and that such information provided will be pursuant to and covered by this agreement. Defendant further agrees to provide complete, candid, and truthful testimony regarding such matters in any proceeding. Defendant understands that this agreement does not require Defendant to implicate any particular individual or individuals or to "make a case." Rather, this agreement requires Defendant to be truthful and to testify truthfully whenever called upon.

(H)    Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules by entering into this plea agreement. If, after entering into this plea agreement, Defendant fails to plead guilty, or the plea of guilty is later withdrawn, Defendant's statements in connection with this plea, including the stipulation of fact set forth below in paragraph (8), and any leads derived therefrom, shall be admissible for any and all purposes.

C.KA.
K.

(I)    Defendant further agrees that all evidence, except biological evidence as defined in 18 U.S.C. § 3600A, if any, obtained in this investigation and prosecution may be destroyed or returned to its rightful owner at the conclusion of this case.

(J)    The United States and Defendant hereby agree that any breach of this agreement by Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the Indictment, would: (a) not relieve Defendant of Defendant's plea of guilty; (b) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Indictment; (c) permit the United States to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the United States to utilize against Defendant in any subsequent judicial proceeding any and all statements made by Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States agrees as follows:

(A)    The United States will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought

6

against Defendant solely in this district. The United States agrees to dismiss all remaining counts of the pending Indictment In exchange for Defendant's plea of guilty to Counts One and Count Three of the Indictment.

(B)    If Defendant cooperates truthfully and completely with the United States, including being debriefed and providing truthful testimony at any proceeding resulting from or related to Defendant's cooperation, then the United States will make the extent of Defendant's cooperation known to the sentencing court. If Defendant is not completely truthful and candid in Defendant's cooperation with the United States, Defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If Defendant's cooperation is completed before sentencing, the United States will consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. § 3553(e) and/or U.S.S.G. § 5K1.1 and warrants the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If Defendant's cooperation is completed after sentencing, the United States will consider whether such cooperation qualifies as "substantial assistance" pursuant to Federal Rule of Criminal Procedure 35(b) and warrants the filing of a motion for reduction of sentence. In either case, Defendant understands that the determination as to whether Defendant has provided "substantial assistance" rests solely with the United States. Any good faith efforts on the part of Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should Defendant fail to cooperate truthfully and completely with the United States, or if Defendant engages in any additional criminal conduct, Defendant shall not be entitled to consideration pursuant to this paragraph.

(C)    Pursuant to U.S.S.G. § 1B1.8, the United States agrees that any self-incriminating information which was previously unknown to the United States and is provided to the United

7



States by Defendant in connection with Defendant's cooperation and as a result of Defendant's plea agreement to cooperate will not be used in determining the applicable guideline range. Further, the United States agrees not to bring additional charges against Defendant, with the exception of charges resulting from or related to a violent felony, as defined in 18 U.S.C. § 924(e)(2)(B), based on any information provided by Defendant in connection with Defendant's cooperation, which information was not known to the United States prior to said cooperation. This does not restrict the United States' use of information previously known or independently obtained for such purposes.

(D)    The United States agrees that it will file a motion requesting that Defendant's offense level be reduced by one level under U.S.S.G. § 3E1.1(b) for timely notifying the United States of Defendant's intention to enter a guilty plea, but Defendant understands that whether Defendant is entitled to any offense-level reduction under U.S.S.G. § 3E1.1 is entirely within the Court's discretion. The United States reserves the right to furnish the Court with full and accurate information and/or argue against the two-level reduction for acceptance of responsibility if Defendant engages or has engaged in conduct inconsistent with accepting responsibility, as defined in U.S.S.G. § 3E1.1 and its commentary.

(5)

**Criminal Forfeiture**

Defendant, KHALIF LEE, hereby agrees to forfeit to the United States voluntarily and immediately all of defendant's right, title, and interest in any and all property, which is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c), including, but not limited to the following:

- one (1) Beretta, Model: APX, 9mm pistol, Serial Number: AXC013159;

8

C.K.L.
K.

- one (1) Springfield Armory, Model: XD-9 sub-compact, 9mm pistol, Serial Number: BA316897;

- one (1) Glock, Model: 43X, 9mm pistol, Serial Number: BSSB966; and

- ]one (1) Hi-Point, Model: JCP, .40 caliber pistol, Serial Number: X702846 (hereinafter referred to as the "subject property").

(A)     Defendant agrees to the entry of a preliminary order of forfeiture of the subject property pursuant to the Federal Rules of Criminal Procedure 32.2 upon acceptance of defendant's plea of guilty by the United States District Court, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of the subject property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to FED. R. CRIM. P. 11(b)(1)(J), at the time his guilty plea is accepted.

(B)     Defendant agrees that the subject property was possessed and involved in the commission of the following offenses: Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) as set forth in Count One; and Title 18, United States Code, Section 1715 as set forth in Count Three of the Indictment, and is subject to forfeiture under Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c).

(C)     Defendant agrees fully to assist the United States in the forfeiture of the subject property and to take whatever steps are necessary to pass clear title to the subject property to the United States, including but not limited to, surrender of title and execution of any documents necessary to transfer defendant's interest in any of the subject property to the United States, assisting in bringing any assets located outside the United States within the jurisdiction of the

9



United States, and taking whatever steps are necessary to ensure that the property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

(D)    Defendant agrees to waive all interest and not file a claim to any of the subject property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, which may be or has been initiated.

(E)    Defendant agrees to waive defendant's right to notice of any forfeiture proceeding involving the subject property, and agrees not to file a claim or assist others in filing a claim in any such forfeiture proceeding.

(F)    Defendant knowingly and voluntarily waives defendant's right to a jury trial on the forfeiture of the subject property.  Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding.  Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of these assets by the United States, the State of Georgia, or its subdivisions.

(G)    Defendant agrees that forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

(H)    Defendant agrees to hold harmless, release, and forever discharge the United States, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which the defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, in connection with the seizure and forfeiture of the subject property.

(I)    The Government reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions, if any, which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, were possessed or involved in the aforementioned offenses set forth in the Indictment.

(J)    Defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets pursuant to this plea agreement.

(K)    Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, is collected in full.

(6)

## ABANDONMENT AND WAIVER OF CLAIMS AS TO
## CERTAIN PROPERTY AND CONSENT TO ITS DESTRUCTION

In lieu of forfeiture, the Defendant, KHALIF LEE, freely and voluntarily agrees to abandon and relinquish all of his right, title, and interest in the following property: one (1) Taurus, Model: G2C, 9mm pistol, Serial Number: ACM701594; one (1) Glock, Model: 43X, 9mm pistol, Serial Number: BNEK765; one (1) Sig Sauer, Model: P320 M17, 9mm pistol, Serial Number: M17A000443; one (1) Glock, Model: 31 Gen 4, .357 caliber pistol, Serial Number: BTVB714; and any and all ammunition (hereinafter referred to as the "abandoned property").

11

(A)     The Defendant is the sole owner of the abandoned property, which is in the lawful custody of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, and warrants that there are no other persons or entities having an interest in the subject property.

(B)     Defendant acknowledges that as a convicted felon, Defendant has no right to possess the abandoned property, either actually or constructively.

(C)     Defendant hereby waives and abandons all right, title, and interest in the abandoned property. The Defendant acknowledges that the abandoned property was lawfully seized, and waives, releases, and withdraws any claim that Defendant has made with respect to the abandoned property, and waives and releases any claim that Defendant might otherwise have made to it in the future.

(D)     Defendant consents to the destruction of the abandoned property.



(E)     Defendant waives any right Defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the destruction of the listed abandoned property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, and destruction of the abandoned property, including any such claim for attorney fees and litigation costs.

(F)     Defendant agrees to hold harmless the United States, the State of Georgia and all political subdivisions thereof, its officers, agents, attorneys, servants, and employees, from any and all actions, causes of actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, or demands whatsoever in law or equity which Defendant, his successors, or assigns, ever had, now have, or may have, whether known or unknown, arising from and in connection with the seizure, abandonment, and destruction of the abandoned property.

(7)

Nothing herein limits the sentencing discretion of the Court.

(8)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In particular, Defendant acknowledges and agrees that no one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range in order to induce this plea. In addition, Defendant states that no person has, directly or indirectly,

13

C.K.A.

KL

threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Georgia, and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority, unless expressly stated herein.

(9)

As an aid to this Court, the United States and Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. § 6B1.4(d) (Policy Statement), this Court may accept this stipulation as written or, in its discretion, with the aid of the Presentence Investigation Report, determine the facts relevant to sentencing.

Subject to the above paragraph, the United States and Defendant stipulate and agree that Defendant is in fact guilty of the offenses to which Defendant is pleading guilty, that the following facts are true and correct, and that the United States at trial could prove the following facts beyond a reasonable doubt:

On December 23, 2022,  United States Postal Inspector Orr responded to the Peachtree Processing and Distribution Center in Atlanta GA to investigate a suspicious package. The tracking number of the subject parcel was 9505512331462339346439 with a listed delivery address as "Cynthia Johnson, 14408 Dorchester, Dolton Illinois 60419 and a return address information was listed as "Tyrone Johnson, 151 Grove St. Barnesville GA, 30204.

Inside the subject parcel Inspector Orr observed a black handle of a handgun wrapped in a maroon shirt. Upon opening the subject parcel the inspector found the following four (4) handguns;

14

C.KP

KL

one (1) Berretta, Model: APX, 9mm pistol, Serial Number: AXC013159, manufactured in Tennessee, one (1) Springfield Armory, Model: XD-9 sub-compact, 9mm pistol, Serial Number: BA316897, manufactured in Croatia, one (1) Glock, Model: 43X, 9mm pistol, Serial Number: BSSB966, manufactured in Austria, and one (1) Hi-Point, Model: JCP, .40 caliber pistol, Serial Number: X702846, manufactured in Ohio.

Inspector Orr called the Barnesville Post Office where the subject parcel was mailed. An employee there advised that a tall slim built black male in his late 20's or early 30's with long black hair frequently comes into the post office and mails parcels to the Chicago area. ████ stated the male comes inside the post office alone and he pays with cash.

A check through law enforcement databases revealed that Khalif LEE has been associated with the address 151 Grove Street, Barnesville, GA 30204 since October 2012 and LEE's vehicle is registered at that address.

On December 28th, 2022, Inspector Orr briefed Inspector James Joy, on the investigation that he was conducting regarding LEE. Inspector Orr advised that personnel at the Barnesville post office called and advised that the same male (LEE) who sent the previous parcel, attempted to mail another parcel marked as EI578954499US.

On December 30th, 2022, the postal inspectors reviewed the parcel. The label was handwritten. The parcel was addressed to "Olsen Hodges, 109 167th St Calumet City, Il 60409". The listed return address was "Khalif Lee, 143 Grove St Barnesville, GA 30204". Law enforcement databases associate "Khalif LEE" with the address 152 Grove St., Barnesville, GA 30204 which is directly across the street from the listed return address on the parcel.

A federal search warrant was applied for based on this information. On January 4th, 2023, a federal search warrant was granted by the honorable Judge C. Salinas in the Northern District of

Georgia. A lawful search of the parcel revealed that it contained four firearms identified as: one (1) Taurus, Model: G2C, 9mm pistol, Serial Number: ACM701594, manufactured in Brazil, one (1) Glock, Model: 43X, 9mm pistol, Serial Number: BNEK765, manufactured in Austria, one (1) Sig Sauer, Model: P320, 9mm pistol, Serial Number: M17A000443, manufactured in New Hampshire, and one (1) Glock, Model: 31 Gen 4, .357 caliber pistol, Serial Number: BTVB714, manufactured in Austria.

On January 5, 2023, Khalif LEE called the U.S. Postal Service to inquire about the missing parcel EI578954499US that was intercepted on December 28, 2022. LEE stated that the package is very important, and it contains personal belongings of his mother. Lee stated he wanted the package located as soon as possible.

On January 11, 2023, both parcels were sent to a forensic laboratory for examination and testing. Upon examination, the analyst lifted fingerprints from the adhesive tape on the packages, fingerprints from the burgundy shirt and fingerprints from bubble wrap inside the parcels that were a match to LEE.

A criminal history check revealed that Khalif LEE was convicted in case number 16-B01494-9 in Gwinnett County Superior Court for Possession of Cocaine, Possession of Alprazolam and Possession of a Firearm by a Convicted Felon on October 26, 2016.

Defendant now stipulates and agrees that on or about December 5, 2022, knowing he had been convicted of a crime punishable by imprisonment for a term exceeding one year, he knowingly possessed the firearms listed in the indictment and did knowingly deposit them in the mail for delivery without being a manufacturer or bona fide dealer in firearms.

(10)

ACCEPTANCE OF PLEA AGREEMENT

16

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 30th day of October, 2023

PETER D. LEARY
UNITED STATES ATTORNEY

BY: _____
Monica L. Daniels
ASSISTANT UNITED STATES ATTORNEY

17

I, KHALIF LEE, have read this agreement and had this agreement read to me by my attorney, CHAUNTILIA ADAWAY. I have discussed this agreement with my attorney and I fully understand it and agree to its terms. Defendant acknowledges that Defendant authorized and consented to the negotiations between the United States and the attorney for Defendant that led to this agreement.

_____
KHALIF LEE
DEFENDANT

I, CHAUNTILIA ADAWAY, attorney for Defendant KHALIF LEE, have explained the Indictment and the United States' evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
CHAUNTILIA ADAWAY
ATTORNEY FOR DEFENDANT

